IN THE UNITED STATES BANKRUPCTY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ELIZABETH THOMAS | Case No. 25-11431 (Chapter 13) |
| *Debtor* | (**Pending in the United States Bankruptcy Court for the Southern District of New York, New York Division**) |
| **ERNESTO SIMPSON** | Adv. Pro. No. 25-AP 3609 |
| V. | |
| **PCF PROPERTIES IN TEXAS LLC** | |

### SECOND AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 9027 and 28 U.S.C. §§ 1452 Plaintiff Ernesto Simpson hereby removes the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC,* from the County Court at Law Number Two Harris County, Texas, under case No. 1249845 to the United States Bankruptcy Court for the Southern District of Texas, Houston Division case.

### I. Background

Plaintiff Ernesto Simpson as a tenant holds a valid lease agreement for the property located at 8202 Terra Valley Lane, Tomball Tx 77375, (the "Property") and on April 25, 2025, sued Defendant PCF Properties in Texas LLC, whom on April 19, 2023, was awarded judgment for quiet title and possession of same said property for an illegal eviction. On May 8, 2025, the Plaintiff and Defendant reached a settlement agreement (the "Judgment") in the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC*, County Court at Law (2) Harris County, Texas case No. 1249845 that was approved by the Court and the case was dismissed with prejudice.

1 | P a g e

On August 8,2025, Mr. Simpson had sought to enforce the judgment by seeking the court to enter a order for the clerk of curt to issue a "Writ of Possession" for property located at 8202 Terra Valley Lane, Tomball Tx., 77375, that is scheduled on Debtor Thomas's A/B Schedules as the debtor's property and the bankruptcy automatic stay prohibits anyone from taking any act to obtain possession of property of the debtor or property from the estate §§ 362 of the Bankruptcy Code.

However prior to on June 27, 2025, Ms. Elizabeth Thomas a non-party to the case had filed an voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et, seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, New York Division, commencing the above referenced bankruptcy case which bears Case No. 25-11431 (the "New York Bankruptcy Case").

Although Ms. Thomas is nonparty to the state court lawsuit the property at issue located at 8202 Terra Valley Lane, Tomball Tx., 77375, is scheduled on Debtor Thomas's A/B Schedules as the debtor's property and the bankruptcy automatic stay prohibits anyone from taking any action to take possession and control over property; of the debtor property which subject to the automatic stay §§ 362 of the Bankruptcy Code.

II. **Removal under 28 U.S.C. 9027**

Ernesto Simpson's claims maybe removed to this Court to 28 U.S.C. **9027**, which provides in pertinent part:

> Removing a Claim or Cause of Action from Another Court(a) Notice of Removal.(1) *Where Filed; Form and Content* . A notice of removal must be filed with the clerk for the district and division where the state or federal civil action is pending. The notice must be signed under Rule 9011 and must:(A) contain a short and plain statement of the facts that entitle the party to remove;(B) contain a statement that the party filing the notice does or does not consent to the bankruptcy court's entry of a final judgment or order; and(C) be accompanied by a copy of all process and pleadings.

Based on the language of §§ **9027**, a party may remove claim or cause of action over which a bankruptcy court has jurisdiction under 28 U.S.C. 1334. Pursuant to 28 U.S.C. §§ 1334, this Court has original jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under Title 11." 28 U.S.C. §§ 1334(b).

III. **Removal under 28 U.S.C. 1452**

Mr. Simpson proceedings may be removed to this Court pursuant to 28 U.S.C. §§ 1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C, §§ 1452(a).

Based on the language of §§ 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. Mr. Simpson's proceedings is a civil action within the meaning of 28 U.S.C. §§ 1452 because: a) the proceeding is a dispute against property of Debtor Elizabeth Thomas's bankruptcy estate, which seeks possession and control over said property; and b) the Proceeding is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. Based on the foregoing, the proceedings may be removed to this Court pursuant to 28 U.S.C. 1452.

The purpose of the Amended Notice of Removal is to clarify the parties named in state court action are solely Plaintiff Ernesto Simpson and Defendant PCF Properties in Texas LLC.

On August 5, 2025, the state court held a hearing on P.C.F.PROPERTIES IN TX, LLC, Petition in Intervention. According to the Clerk the Court did not set aside the May 8, 2025, judgment and P.C.F.PROPERTIES IN TX, LLC, was not added as a party to the case and the case remains closed. Counsel was not present at the hearing as counsel does not represent Mr.

Simpson involving any claims with P.C.F.PROPERTIES IN TX, LLC.

IV. **All Requirements for Removal Have Been Met and Removal to this Court it Proper.**

This Notice of Removal is timely pursuant to FRBP 9027 because the Plaintiff Ernesto Simpson filed this Notice of Removal with this Court within ninety (90) days of the Petition Date because the commencement of a voluntary Chapter 13 proceeding constitutes an order for relief.

Upon removal, the Simpson proceeding is a "core" proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (B) and (0). Moreover, because the Mr. Simpson has §§ asserted a claim for possession against the Debtor's property, it necessarily may implicate the bankruptcy claims allowance process and is therefore constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in Stem v. Marshall, 131 S. Ct. 2594 (2011).

The United States Bankruptcy Court for the Southern District of New York New York Division is the proper court in which to remove this action pursuant to 28 U.S.C. 1452 and FRBP 9027 because Debtor Thomas's bankruptcy is pending in that district and division.

Plaintiff Ernesto Simpson and Defendant PCF Properties in Texas LLC., consent to the bankruptcy court's entry of a final judgment or order.

Written notice of the filing of this Notice of Removal and a copy of this Notice of Removal are being served upon counsel and will be filed with the Clerk of Court.

V. **ADOPTION AND RESERVATIONS OR DEFENSES** .

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights to maintain and/or assert any affirmative defenses in this matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person or subject matter; (2) arguments that venue is improper; (3) insufficiency of process; (4) failure to state a claim; (5) and any other pertinent defense available under applicable state or federal law, or otherwise,

which rights are expressly reserved. .

WHEREFORE the Ernesto Simpson the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC,* from the County Court at Law Number Two Harris County, Texas, under case No. 1249845 to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1452 and FRBP 9027, and intends to request a transfer to the United States Bankruptcy Court for the Southern District of New York New York Division.

Respectfully submitted this 6th day of August 2025.

                                         Respectfully submitted
                                         /s/*James M. Andersen*
                                         James M. Andersen
                                         Attorney at Law
                                         Texas State Bar No. 01165850
                                          P. O. Box 58554
                                         Webster, Texas 77598-8554
                                         Tel. (281)488-2800
                                         Fax. (281)480-4851
                                         Email: jandersen.law@gmail.com

**CERTIFICATE OF SERVICE**

    I certify that the document attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record including non-party P.C.F. PROPERTIES LLC, counsel and interested parties on August 6, 2025.

Alzadia Spires
Attorney at Law
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
 Cypress, Tx 77429

*Attorney of Record for PCF Properties in Texas LLC  party named in this case*

**Interested Parties**

Thomas C. Frost,
Chapter 13 Standing Trustee,
399 Knollwood Rd, Suite 102,
White Plains, NY 10603

Elizabeth Thomas Trustee

United States Trustee, Office of the United States
Trustee - NY, Alexander Hamilton Custom House,
One Bowling Green, Room 534,
New York, NY 10004-1459

United States Attorney's Office, Southern District
of New York, Attention: Bankruptcy Fraud Unit,
86 Chambers Street, Third Floor,
New York, NY 10007-1825

New York Attorney General Office
Civil Rights Division/Fraud Division
28 Liberty St,
New York, NY 10005

/s/*James M. Andersen*