IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re: ELIZABETH THOMAS**  *Debtor* | **Case No. 25-11431 (Chapter 13)**  (**Pending in the United States Bankruptcy Court for the Southern District of New York, New York Division**) |
| **ERNESTO SIMPSON**  V.  **PCF PROPERTIES IN TEXAS LLC** | Adv. Pro. No. 25-03586 |

### SUGGESTION OF BANKRUPCTY AND NOTICE OF STAY AS TO THESE PROCEEDINGS,

**PLEASE TAKE NOTICE,** that on August 5, 2025, the Court issued an Order for Emergency Hearing in Person Attendance Required for August 7, 2025 at 9:30 a.m., the Court will conduct an evidentiary hearing. On August 6, 2025, Debtor Ernesto Simpson filed an Chapter 7, Petition (the "Petition Date"), for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court Southern District of New York commencing Case No. 25-11742 invoking the automatic stay pursuant to Section 362 of the Bankruptcy Code. **See Exhibit A**.

Pursuant to Section 362 of the Bankruptcy Code, the filing of Mr. Simpson Petition operates as a stay of:

a. The commencement or continuation, of a proceeding against the Debtor or the Debtors property that was or could have been commenced before the commencement of the case under this Title, or to recover a claim against the Debtor that arose before the commencement of the case under this Title;

b. The enforcement, against the Debtor or against debtor property of the estate, of a judgment obtained before the commencement of the case under this Title;

c. Any act to obtain possession of property of the estate or property from the estate;

d. Any act to create, perfect, or enforce any lien against property of the estate;

e. Any act to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this Title, except to the extent provided in section 362(b);

f. Any act to collect assets, or recover a claim against the Debtor that arose before the commencement of the case under this title;

g. The set off of any debt owing to the Debtor that arose before the commencement of the case under this Title against any claim against the Debtor; and

h. The commencement or continuation of a proceeding before the United States Tax Court concerning the Debtor. .

Accordingly, pursuant to the provisions of 11 U.S.C. $362, the automatic stay prohibits any further action against debtor or debtor's property of the bankruptcy estate in this proceeding until such time as the Bankruptcy Court may order otherwise.

In addition, pursuant to Section 108 of the Bankruptcy Code, the filing of the Petition operates to extend the period within which the Debtor may, among other

things, file any pleading, commence an action, cure a default, or perform any other similar act fixed by non bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement, if such deadline has not expired prior to the filing of the Petition.

                  Respectfully submitted

         /s/*James M. Andersen*
         James M. Andersen
         Attorney at Law
         Texas State Bar No. 01165850
         P. O. Box 58554
         Webster, Texas 77598-8554
         Tel. (281)488-2800
         Fax. (281)480-4851
         Email: jandersen.law@gmail.com

**CERTIFICATE OF SERVICE**

   I certify that  Service of this document was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record including non-party P.C.F. PROPERTIES LLC,  on August 7, 2025.

Alzadia Spires
Attorney at Law
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
Cypress, Tx 77429

*Attorney of Record for PCF Properties in Texas LLC  party named in this case.*

/s/James M. Andersen

/s/James M. Andersen