IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ELIZABETH THOMAS<br><br>*Debtor* | Case No. 25-11431 (Chapter 13)<br><br>(**Pending in the United States Bankruptcy Court for the Southern District of New York, New York Division**) |
| **ERNESTO SIMPSON**<br>*Plaintiff*<br>V.<br><br>**PCF PROPERTIES IN TEXAS LLC**<br>*Defendant* | Adv. Pro. No. 25-03609 |

**EX PARTE EMERGENCY MOTION TO RECUSE**

Pursuant to 28 U.S.C. § 455(a), and (b) 28 U.S.C. §§ 144 and 28 U.S.C. §§ 5004(a) of the Federal Rules of Bankruptcy Procedure Attorney James M. Andersen files this Ex Parte Emergency Motion to Recuse, and in support thereof would show as follows:

### INTRODUCTION

Ernesto Simpson relocated to the State of Texas from New York, in the year of 2007, and has resided at the property located at 8202 Terra Valley Lane, Tomball TX, 77375, as tenant since. Although the ownership of the property over the years has changed hands Mr. Simpson entered into a lease agreement to rent a shared room with Liberty Property Management LLC, a management company that managed the property for Jasmine B. Jarbis the then owner of said property who also resided at the property along with other family members and other tenants.

On or about April 15, 2025, Mr. Simpson returned to the State of Texas and in attempting to enter his place of residence had discovered that the lock had been changed. Ms. Jarbis explained Mr, Simpson unknown to her there has been ongoing litigation in regard to said

property. The owner Ms. Jarbis explained to Mr. Simpson that both she and her sister had filed lawsuits in state district court and the first court appeals both ruled they were not subject to any prior court judgments for which they are not named as a party.

On April 25, 2025, Ernesto Simpson filed a Verified Original Petition Application for Temporary Restraining Order and Temporary Injunction, Pro Se in the Harris County Civil Court at Law Number 2 in Case No. 1249845,against PCF Properties in Texas LLC. This is the same entity that Jasmine B. Jarbis and her family sued.'

On May 2, 2025, Ernesto Simpson and PCF Properties in Texas LLC, entered into a "Agreed Temporary Injunction". On May 7, 2025, Ernesto Simpson and PCF Properties in Texas LLC, entered into a Rule 11 Agreement and "Agreed Final Judgment." On May 8, 2025, the Court signed the final judgment and dismissed the case with prejudice (a "Final Judgment on the Merits") and closed to case. The case remains closed to this very day.

On May 15, 2025, after the court entered the May 8, 2028, final judgment Non-Party P.C.F. PROPERTIES IN TX.LLC., filed a "Intervenor's Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions."

On July 8, 2025, trial court held a hearing on Non-Party P.C.F. PROPERTIES IN TX.LLC., filed a "Intervenor's Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions." The Court made no ruling on said motion.

On August 4, 2025, Counsel removed the case from the Harris County Civil Court at Law Number 2 in Case No. 1249845, to federal court and filed Amended Notice of Removal.

## RELEVANT FACTS

**The State Court Action:**

    A,  **Non-Party P.C.F. PROPERTIES IN TX, LLC, never became a party to the State Court action prior to or after removal of this case to federal court**.

On May 15, 2025, Non-Party P.C.F. PROPERTIES IN TX.LLC., after the state court signed on May 8, 2025, a Final Judgment on the Merits and closed and disposed of the case with prejudice filed an "Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions" alleging fraud on the court. Non-Party P.C.F. PROPERTIES IN TX.LLC, had sought to intervene in the case and under Texas law to allow such intervention the state court would first had to set aside the May 8, 2025, judgment as an intervention ***may not*** be considered unless and until the judgment has been set aside.[1]

As of Non-Party P.C.F. PROPERTIES IN TX.LLC, May 15, 2025, filing the state court could have set the May 8, 2025, judgment aside however have chosen not to as of this filing. When intervention such as with Non-Party P.C.F. PROPERTIES IN TX.LLC is filed after final judgment, the intervenor ***does not*** become a party on the date of filing.[2] The ***only way*** Non-Party P.C.F. PROPEPRTIES IN TX LLC., could have successfully intervened in the case post-judgment is if **both** its plea is filed and the judgment is set aside within thirty (30) days of the date of the judgment being signed and entered on the Court's docket. Because trial court elected not to first set aside its set aside its May 8, 2025, judgment, at anytime during the allowed 30 date of the judgment being

---

[1.] First Alief Bank, 682 S.W.2d at 252; In re H.G., 267 S.W.3d 120, 122, n.1 (Tex. App.—San Antonio 2008, orig. proceeding)( An intervention **may not** be considered unless and until the judgment has been set aside.)
. [2.] See In re Barrett, 149 S.W.3d 275, 278-79 (Tex. App.—Tyler 2004, orig. proceeding); State & County Mut., 915 S.W.2d at 227. (As such when a petition an intervention is filed after final judgment, the intervenor **does not** become a party on the date of filing*).*

signed and entered on the Court's docket Non-Party P.C.F. PROPERTIES IN TX. LLC, never successfully intervened.[3]

Secondly, Non- Party P.C.F. PROPERTIES IN TX. LLC, erroneously sought intervention by way of a Motion to Vacate Agreed Final Judgment. A Motion to Vacate Agreed Final Judgment is considered a Motion for a new trial, however under Texas law a non-party, such as P.C.F. PROPERTIES IN TX. LLC *may not* move for a new trial or file a post-judgment motion to extend the court's plenary jurisdiction unless the non-party successfully intervenes.[4] If a *party* named in the case does not file a post-judgment motion trial court loses it plenary jurisdiction thirty (30) days after the judgment is signed and has no power to set aside a judgment except by bill of review for sufficient cause. TEX.R.CIV.P. 329b(f). Neither of the parties filed post judgments motions and based on the state court own docket their does not exist an intervenor by the name of P.C.F. PROPERTIES IN TX. LLC, named as a party in state court action.

**Bankruptcy Court Proceedings:**

B. **Non-Party P.C.F.PROPERTIES IN TX. LLC is not a party to these Bankruptcy adversary proceedings.**

Because the state court own docket Non-Party P.C.F.PROPERTIES IN TX. LLC, is not a party to the state court case making literally impossible to move on August 3, 2025, a non

---

[3.] See: *In re Baby Girl S.*, 343 S.W.3d 317, 317 (Tex. App.—Dallas 2011, no pet.); *Malone*, 182 S.W.3d at468; see also *First Alief Bank v. White,* 682 S.W.3d 251, 252 (Tex. 1984) (holding trial court could only vacate, set aside, modify, or amend its judgment within thirty days after it is signed and *observing "a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set asid*e"); *Beach v. Beach*, 912 S.W.2d345, 347 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("*Once judgment is rendered in a case, an intervention cannot be filed* therein unless the judgment is set aside or the dismissal of the claims with prejudice .is set aside") *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (one cannot intervene after final judgment has been entered or dismissal of the claims with prejudice.)
[4.] *State & County Mut*., 915 S.W.2d at 227.

-party to the state court action to federal court for referral to bankruptcy court. On August 3, 2025, when counsel filed its Notice of Removal [Including Amendments], naming the parties being removed as Ernesto Simpson (the "Plaintiff") and PCF Properties in Texas LLC.(the "Defendant"), seeking enforcement of the state court May 8, 2025, final judgment for possession none of these parties where in bankruptcy.

On August 3, 2025, when Counsel filed Ernesto Simpson (the "Plaintiff") and PCF Properties in Texas LLC, (the "Defendant"), Notice of Removal they sought the US. District Court to transfer the state court action to the U.S. Bankruptcy for the Southern of New York where the pending bankruptcy case styled as *In re; Elizabeth Thomas* case No. 24-11341as the property is listed on Ms. Thomas schedules.[4] Absence before this court is a debtor under Section 1334(b), bankruptcy courts only have subject matter jurisdiction over proceedings arising under title 11, proceedings arising in a case under title 11, and proceedings related to a case under title 11. The proper test to apply to determine whether a matter "relates to" a bankruptcy case Courts generally have "related to" jurisdiction when the outcome of the proceeding "might have any 'conceivable effect' on [a bankruptcy] estate." .

Incredibility out of thin air Non-Party P.C.F.PROPERTIES IN TX. LLC, files a Motion to Remand. Non-Party P.C.F.PROPERTIES IN TX. LLC, whom is not named as a party to the case and never filed a Motion to Intervene pursuant to Rule 7024 Federal Rules of Bankruptcy

---

[4.] See *In re Standfield*, 152 B.R. 528, 531 (Bankr. N.D. Ill. 1993) (holding that in chapter 13 case "[v]erified schedules and statements filed by [d]ebtors are not just pleadings, motions, or exhibits, they contain evidentiary admissions."); Larson v. Groos Bank, N.A., 204 B.R. 502 (W.D. Tex. 1996). .");) (noting that bankruptcy schedules "are executed under penalty of perjury and when offered are eligible for treatment as judicial admissions."); In re Leonard, 151 B.R. 639 (Bankr. N.D. N.Y. 1992) (debtor's scheduling of real property ownership and outstanding mortgage debt is an admission under Fed. R. Evid. 801(d)(2) of its validity, with the court characterizing the filing of schedules by the debtor as "a solemn admission which, unless corrected, binds him.") (quoting Sovran Bank, N.A. v. Anderson, 743 F.2d 223, 225 n.1 (4th Cir. 1984) (emphasis in original))

**5 |** P a g e

Procedure which provides that Rule 24 F.R. Civ. P., applies in adversary proceeding as such is not a party to adversary proceeding. Counsel files a Motion to Strike under 28 U.S.C. § 1447(c) which prohibits non-parties from seeking a remand order in federal court.

Non-Party P.C.F. PROPERTIES IN TX. LLC, Motion to Remand is in essence a motion for bankruptcy court to sit as a court of appeals over the state court's May 8, 2025 Final Judgment on Merits and seeks the bankruptcy Court to vacate all orders entered by the state court including the May 8, 2025, Final Judgment.

On August 6, 2025 (the "Petition Date") Ernesto Simpson filed a Voluntary Petition under case No. 25 -11742 in the U.S. Bankruptcy Court Southern District of New York: New York Division. This filing by Mr. Simpson immediately imposed the automatic stay under Section 362 of the Bankruptcy Code and stays these bankruptcy proceedings.

## GROUNDS FOR RECUSAL

Bankruptcy Rule 5004(a) governs disqualification of a bankruptcy judge. It provides:

> A bankruptcy judge shall be governed by 28 USC § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case.

Recusal of federal judges for bias: 28 U.S.C. §§ 144 & 455 provides

> Section 144 requires recusal when a judge "has a personal bias or prejudice" against or in favor of a party. Section 455(a) sweeps broader than § 144: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance"[6] because "justice must satisfy the appearance of justice."[5] In applying the statute, a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."[7] The objective standard relies on the "well-informed, thoughtful

---

[5.] Liteky v. United States, 510 U.S. 540, 548 (1994).
[6.] In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955).
[7.] United States v. Jordan, 49 F.3d 152, 155 (5th Cir. 1995) (citing Liljeberg, 486 U.S. at 860– 61, 108 S.Ct. 219.

and objective observer, rather than the hypersensitive, cynical, and suspicious person."[8]

Not all favorable or unfavorable opinions can be described as bias or partiality within the meaning of §§ 144 and 455(a). Rather, the concept of bias "connote[s] a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess ... or because it is excessive in degree."

> 1. **Judge Isgur lacks legal Authority to act as Appeals Court and vacate State Court Final Judgments on Merits on behalf Non-Party P.C.F. PROPERTIES IN TX. LLC, in violation of Mr. Simpson bankruptcy automatic stay.**

Again on August 6, 2025 (the "Petition Date") Ernesto Simpson filed a Voluntary Petition under case No. 25 -11742 in the U.S. Bankruptcy Court Southern District of New York: New York Division. This filing by Mr. Simpson immediately imposed the automatic stay under Section 362 of the Bankruptcy Code and stay to pre-petition court proceedings.

On August 7, 2025, Judge Isgur sitting as an appellate court held an evidentiary hearing in violation of Mr. Simpson's August 6, 2025, bankruptcy automatic stay on Non-party P.C.F. PROPERTIES IN TX. LLC, motion to vacate the state court orders and judgments such as: Agreed to Restraining Order; Rule 11 Agreement; Agreed Final Judgment.

On August 7, 2025, Mr. Simpson was unable to attend the hearing due to being homeless and staying with family in the State of New York and could not afford a thousand dollar plane ticket to Houston and filed a Ex Parte Motion for a Continuance that was denied   and Counsel has no attorney client retainer agreement allowing representation of Mr. Simpson in this matter.

At the hearing Non-Party P.C.F. PROPERTIES IN TX. LLC, was allowed to make unsupported material false statements to the Court in that Mr. Simpson, a tenant, is somehow in involved in

---

[8.] Id.at 156

some type of conspiracy with Elizabeth Thomas over the ownership of said property by procuring the state court judgments though fraud. Non-Party P.C.F. PROPERTIES IN TX. LLC, not only made false misleading statement but additionally produce evidence unrelated to the current and prior cases for contempt against counsel that Judge Isgur presided over, in order to cause Judge Isjur to be bias P.C.F. PROPERTIES IN TX. LLC, as a matter of law has never been legally made a party to this proceedings its false misrepresentation induced a high degree of antagonism designed to and did incite a high degree of active hostility or opposition as to make a fair hearing and judgment impossible.

On August 7, 2025, Judge Isgur sitting as appellate court granted Non-Party P.C.F. PROPERTIES IN TX. LLC, motion and vacated the state court judgments Agreed to Restraining Order; Rule 11 Agreement; Agreed Final Judgment. Without the defendant PCF Properties in Texas LLC was never served with notice of the hearing thereby denied an opportunity to heard.

Counsel assets that Judge Isgur appearance of bias toward Mr. Simpson and Counsel is demonstrated through this unfavorable adverse ruling, disposition or opinion that is wrongful or inappropriate, and excessive in degree. Bankruptcy courts are courts of limited jurisdiction and are generally **_barred_** by principles under the Rooker-Feldman doctrine from acting as appellate courts reviewing state court decisions. In general terms, the doctrine holds that federal courts **_may not_** sit as courts of appeal regarding state court orders and judgments.[9]

Counsel assets that Judge Isgur appearance of bias toward Mr. Simpson and Counsel is

---

[9]. The Rooker-Feldman doctrine **_bars_** federal courts, other than the Supreme Court, from reviewing state court orders or judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to bankruptcy courts. *See*, *e.g.*, *In re Wilson*, 116 F.3d 87, 90 (9th Cir. 2000) ("The bankruptcy court is prohibited from reviewing the state court's judgment by the Rooker-Feldman doctrine, which prohibits lower federal courts from sitting as courts of appeal for state court judgments.").

demonstrated through this unfavorable adverse ruling, disposition or opinion that is wrongful or inappropriate, because Judge Isgur as bankruptcy judge took these action against Mr. Simpson in violated Section 362(a)(3) of the Bankruptcy Code which provides that the filing of a bankruptcy petition "operates as a stay, and the Second Circuit treats actions take n in violation of Section 362(a)(3) of the Bankruptcy Code as void as if it never happen.

C. **Judge Isgur while sitting as an appellate court has improperly issued Contempt orders** against Counsel and Mr. Simpson for Fraud on the Court and refusing to violate the Bankruptcy Stay.

On August 7, 2025, after Judge Isgur sitting as appellate court by granting Non-Party P.C.F. PROPERTIES IN TX. LLC, motion to vacate the state court judgments due alleged fraud thereinafter Judge Isgur found Counsel and Mr. Simpson in contempt of court.

To be clear Judge Isgur sitting as appellate court has made a ruling after granting Non-Party P.C.F. PROPERTIES IN TX. LLC, motion to vacate the state court judgments that both Counsel and Mr. Simpson allegedly committed fraud on the Court for deeming PCF Properties Texas LLC., as owner of said property per a valid judgment from the district court.

Judge Isgur is holding Mr. Simpson in contempt of court for failure to appear in Court on August 7, 2025, at the evidentiary hearing with a non-party to the case i.e., P.C.F. PROPERTIES IN TX. LLC, although Mr. Simpson could not afford a thousand dollar ticket. Mr. Simpson is in bankruptcy the proceedings are subject to the bankruptcy automatic stay in essence Mr. is being held in contempt for refusing to violate the bankruptcy stay?

Judge Isgur is holding Counsel in contempt of Court for not only refusing to represent Mr. Simpson against a a non-party to the case i.e., P.C.F. PROPERTIES IN TX. LLC, not only due to a lacks attorney client retainer agreement with Mr. Simpson as such has no consent for representation. But even if an agreement existed Mr. Simpson is in bankruptcy the proceedings

are subject to the bankruptcy automatic stay.

Judge Isgur is not improperly using these contempt orders as a means to threaten both counsel and Mr. Simpson to be held on contempt charges until they both sign (under duress) a "Motion to Dismiss the Adversary Proceeding with Prejudice Against Refiling". This Motion to Dismiss is to dismiss the adversary proceeding and to ameliorate any future damages from the "fraud on the Court". The civil contempt will not be cured until both signatures have been signed and filed with the Court the seeks to jail the parties until said motion is filed.

Counsel cannot execute Judge Isgur's Motion to Dismiss as he lacks an attorney client relationship with Mr. Simpson as such his actions would subject him to being disbarred under the Texas Bar Rules of Disciplinary. Mr. Simpson cannot sign said dismissal as he would be taken an action against himself in violation of his bankruptcy stay, moreover there exist no fraud.

Lastly Judge Isgur has personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). This is not the first contempt proceeding Judge Isgur has presided over involving counsel and Elizabeth Thomas.

In the case styled as *Elizabeth Thomas vs. MTH Lending Group L.P et al*., was removed from the 333rd District Court, Harris County Texas under the Parent Cause No. **2016-87941** adversary No. 24-3066Judge Isgur had found both Counsel and Elizabeth Thomas in contempt for removing the case without written prior approval from the Chief Judge for the U.S Southern District Court of Houston. In this case Judge Isgur encouraged Ms. Thomas and MTH Lending Group L.P., to settle their claims.

On October 19, 2007, Ms. Thomas executed a promissory note to facilitate the purchase of the real property located at 8202 Terra Valley Lane, Tomball Tx  77375 secured by a Texas Home Equity Security Instrument for the benefit of MTH Lending Group L.P. as the lender. The

parties reached a settlement agreement and Judge Isgur set the deadline for Ms. Thomas and

As such when Non-Party P.C.F. PROPERTIES IN TX. LLC, produced its fake substitute trustee deed alleging to have obtained through a foreclosure on a FLAGSTONE LENDING GROUP deed of trust Judge Isgus knew that there existed disputed evidentiary facts;

In applying the statute, a court considers "whether a reasonable and objective person, knowing all of the facts, detailed above would harbor doubts concerning the judge's impartiality." The objective standard relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.. *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 914 (2004).

**WHEREFORE**, Movants request the Court to allow another judge to hear this motion and for such other and further relief, at law or in equity, to which they may be justly entitled,

Respectfully submitted

/s/**James M. Andersen**
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

**CERTIFICATE OF SERVICE**

I certify that Service of this document was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record on August 10, 2025.

Alzadia Spires
Attorney at Law
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
 Cypress, Tx 77429

/s/**James M. Andersen**