**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re: ELIZABETH THOMAS**<br>*Debtor* | **Case No. 25-11431 (Chapter 13)**<br>**(Pending in the United States Bankruptcy Court for the Southern District of New York, New York Division)** |
| **ERNESTO SIMPSON**<br>V.<br>**PCF PROPERTIES IN TEXAS LLC** | Adv. Pro. No. 25-03586 |

**AFFIDAVIT OF ATTORNEY JAMES M. ANDERSEN**

I, JAMES M. ANDERSEN, am over the age of eighteen years of age and capable of making this affidavit based on my own personal knowledge of the facts. I JAMES M. ANDERSEN make this affidavit pursuant to 28 U.S.C. §§ 144 and swear under oath that the following is true and correct:

On August 3, 2025, I removed the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC,* from the County Court at Law Number Two Harris County, Texas, under case No. 1249845 to the United States Bankruptcy Court for the Southern District of Texas, Houston Division case.

I had entered in a attorney client retainer agreement with Mr. Simpson for the sole purpose of representing him on his illegal eviction claims against *PCF Properties in Texas LLC* ***only.***

Prior to removal the case had been closed and dispose of since May 8, 2025, all claims resolved though a final judgment on the Merits between the parties.

The only parties named on the court's docket are: Ernesto Simpson the Plaintiff and PCF Properties in Texas LLC, the Defendant. There no intervenors named as party in this case. **Exhibit** 1.

On August 3, 2025, when counsel removed the state court action there were no longer any live pleadings case or controversy between the parties named in the lawsuit namely Ernesto Simpson the Plaintiff and PCF Properties in Texas LLC, the Defendant for the resolve.

Counsel move the case to Federal Court for referral to the Bankruptcy Court on the grounds that (i) on July 28, 2025, Mr. Simpson sought via Motion for "Writ of Possession" as advised by the Constables; (ii) However the property by this time had been listed in a New York Bankruptcy as property of their estate; and (iii) all the other tenants in subject the illegal eviction were also filing in the New York case as such Mr. Simpson sought to transfer the case to New York.

On August 5, 2025, trial court again denied Non-Party P.C.F. PROPEPRTIES IN TX, LLC., Motion to Vacate the May 8,2025, judgment and to reinstate the case. On August 6, 2025, the state trial court canceled the scheduled August 8, 2025, submission due to the property being in bankruptcy. On August 6, 2025, counsel filed an Amended Notice of Removal (the" Adversary Complaint")

On August 7, 2025, Judge Isgur never had any subject matter jurisdiction because there was never a ***live*** case or live s case or controversy between the parties named in the lawsuit namely Ernesto Simpson the Plaintiff and PCF Properties in Texas LLC, the Defendant for the Court to resolve. As such the Judge Isgur, improperly created a case or controversy for Non-Party P.C.F. PROPEPRTIES IN TX, LLC, instead by using the Bankruptcy's Court apparent jurisdiction to act ultra vires as an appellate court to hear its Motion to Vacate.

In the interim while Judge Isgur using the Bankruptcy's Court apparent jurisdiction to act ultra vires on August 7, 2025 on Non-Party P.C.F. PROPEPRTIES IN TX, LLC, Motion to Vacate, he seeks to also force Mr. Simpson the Plaintiff and master of his own Complaint to litigate with a non-party to the case with which Mr. Simpson has never filed any lawsuit against or participated with in any prior litigation.

In the interim while Judge Isgur using the Bankruptcy Court's apparent jurisdiction to act ultra vires and under color of law by issuing a ruling on August 7, 2025 on Non-Party P.C.F. PROPEPRTIES IN TX, LLC's, Motion to Vacate, additionally he seeks to force me to represent Mr. Simpson despite the fact that I have no attorney-client retainer agreement giving me consent to represent Mr. Simpson in this matter.

On August 7,2025, in violation of Mr. Simpson's August 6, 2025, automatic bankruptcy stay, Judge Isgur while sitting as a appellate court and without jurisdiction improperly vacated the state court May 8,2025, final judgment on the merits which is plainly ultra vires.

Not all unfavorable opinions can be described as bias or partiality within the meaning of §§ 144 and 455(a). Rather, the concept of bias "connote[s] a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess ... or because it is excessive in degree."

However Judge Isgur's actions are in direct violation of the law in that (i) Mr. Simpson is entitled to breathing spell under his August 6, 2025 automatic stay as per Section 362 of the Bankruptcy Code; (ii) P.C.F. PROPEPRTIES IN TX, LLC was never a party to the state court action nor a party to the bankruptcy proceeding; and (iii) bankruptcy courts are prohibited from acting as appellate court to state courts judgments.

Counsel also states that Judge Isgur's action is attempting to force me to represent Mr. Simpson in this matter is improper. Generally, a court cannot order an attorney to represent someone if there is no existing attorney-client relationship, including a retainer agreement. While a court may appoint counsel for an indigent defendant in certain criminal cases, this is typically done with public defenders or court-appointed counsel, not by forcing an attorney to represent someone without a prior agreement. If a defendant is not indigent but cannot find representation, the court may appoint counsel at the defendant's expense, but this doesn't mean they can force a specific attorney to take the case.

I am specifically petitioning the Court that this Motion to Recuse be decided by another judge.

I declare under penalty of perjury that the foregoing is true and correct.

James M. Andersen

**Acknowledgement**

Subscribed and sworn to before me this 9th day of August 2025 by James M. Andersen.




Notary Public