United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 11, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **OUT OF DISTRICT DEBTOR** |
| **ELIZABETH THOMAS,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **ERNESTO SIMPSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3609** |
| | § | |
| **P.C.F. PROPERTIES IN TX, LLC[1],** | § | |
| | § | |
| Defendant. | § | |

**ORDER ON MOTION TO RECUSE**

When a motion to recuse a judge is filed along with a §144 affidavit, the Court must refer the matter for consideration to another judge if the affidavit is both timely and sufficient. Timeliness is not an issue in this case.

The Fifth Circuit has made clear how a trial judge should evaluate the sufficiency of an affidavit. The guidelines are simple:

1. Factual allegations should be accepted as true;

2. If true, would the factual allegations lead a reasonable person to find bias from an extrajudicial source:

**RECUSAL OF THE TRIAL COURT JUDGE**

**Prior to trial, Elder and Merkt moved for the recusal of the trial court judge, the Honorable Filemon B. Vela, pursuant to 28 U.S.C. §§ 144 and 455. The motion was denied by Judge Vela initially and upon reconsideration. On appeal, appellants assert that Judge Vela abused his discretion in refusing to recuse himself because (1) he had acknowledged his personal bias by recusing himself, upon his own motion, in another case in which Elder was the defendant, and (2) he improperly considered the truth of the matters alleged**

---

[1] The Plaintiff alleges that the proper defendant is a Colorado entity bearing a similar name. The true defendant is the defendant listed in the style of the case. The Court orders that all filings in this case now reflect the name of the true defendant, in fact, "P.C.F. Properties in Tx, LLC."

in affidavits submitted under § 144 rather than merely passing upon the legal sufficiency of those affidavits.

A motion for recusal is committed to the sound discretion of the trial judge. The denial of such a motion will not be reversed on appeal unless the judge has abused his discretion. See *United States v. Harrelson*, 754 F.2d 1153, 1165 (5th Cir.), cert. denied, 474 U.S. 1034, 106 S.Ct. 599, 88 L.Ed.2d 578 (1985). Under both § 144 and § 455, the alleged bias or prejudice must be personal and it must stem from an extrajudicial source which would result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. See *United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir.1986).

Judge Vela's disqualification was not required under § 455 merely because he voluntarily withdrew from another case in which Elder was the defendant. See, e.g., *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir.1981). Judge Vela gave no reason for his withdrawal from that case, other than to state that it was "for none of the reasons urged by the Defendant in his Motions." In this case, Judge Vela considered, and specifically rejected, recusal based on his prior recusal. The appellants have not shown, by affidavit or otherwise, that Judge Vela's impartiality might reasonably be questioned or that he had a personal bias or prejudice against either Elder or Merkt or in favor of the government. These facts do not indicate that a reasonable person would harbor doubts about Judge Vela's impartiality based solely on his prior recusal. See *Phillips v. Joint Legislative Comm*., 637 F.2d 1014, 1019–20 (5th Cir.1981), cert. denied, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982).

Section 144 provides, in pertinent part:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

28 U.S.C. § 144.

If an affidavit filed under § 144 is timely and technically correct, the factual allegations must be taken as true for purposes of recusal. The trial judge may pass only upon the legal sufficiency of the affidavit; he may not consider the truth of the matters asserted therein. Joint Legislative Comm., 637 F.2d at 1019 & n. 6.

Merkt, in her affidavit, refers primarily to statements and rulings made by Judge Vela during her trial and sentencing in a previous case. These prior judicial rulings, however, offer no basis for recusal; they do not show any

**personal bias against Merkt. Elder's affidavit asserts prejudice on the basis of Judge Vela's prior recusal. We have already rejected this ground. Additional allegations center on the statements made by Judge Vela during the previous trial and sentencing of Merkt. Again, these prior judicial rulings do not show any personal bias.**

**Finally, the appellants assert that Judge Vela should have recused himself because of religious pressure. In support of this contention, Merkt refers to the affidavit of Diane Elder, the wife of John Elder. Diane Elder's affidavit violates the one-affidavit rule of 28 U.S.C. § 144 and need not be considered. See *United States v. Balistrieri*, 779 F.2d 1191, 1200 & n. 6 (7th Cir.1985) (a court need only consider the first affidavit submitted in support of a § 144 motion), cert. denied, ⸺ U.S. ⸺, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986). Even if its filing were appropriate, Diane Elder's affidavit, based, as it is, on information told to her by unnamed individuals who did "not feel capable of giving affidavits," is legally insufficient to require the recusal of Judge Vela on religious grounds. Id. at 1199 (affidavits based on mere conclusions, opinions, or rumors are legally insufficient to require recusal). See also *Davis v. Comm'r*, 734 F.2d 1302, 1303 (8th Cir.1984).11**

**United States v. Merkt, 794 F.2d 950, 959–61 (5th Cir. 1986).**

In this case, the affidavit is primarily a disagreement about the law and not about the facts.

### Automatic Stay

The movant alleges that the automatic stay that arose in Mr. Simpson's personal bankruptcy case precluded this Court from moving ahead.  There are multiple flaws with that reasoning.

First, Mr. Simpson is the plaintiff.  The automatic stay generally does not apply to matters in which the Debtor is the plaintiff.

Second, the matters considered by this Court concerned whether there had been fraud on the Court.  These issues are excepted from the stay under § 362(b)(4).

Third, no automatic stay arose when Mr. Simpson filed his bankruptcy case.  He did not obtain pre-petition credit counseling.  See Case 25-11742, Bankr. S.D.N.Y.  The Court has extended the date to obtain credit counseling, but did not impose a stay.  No stay arose in the case. "Consequently, when read together, §§ 109(h), 302, and 362(a) establish that no stay can exist for debtors who fail to obtain the required credit counseling or qualify under an exception." *In re Salazar*, 339 B.R. 622, 626 (Bankr. S.D. Tex. 2006).

3 / 4

**Subject Matter Jurisdiction**

The second major flaw in his legal reasoning alleges that this Court lacked subject matter jurisdiction under 28 U.S.C. § 1334.  That is in incorrect understanding of the law.  Section 1334 establishes subject matter jurisdiction of the federal courts.  It does not establish the venue for the exercise of that jurisdiction.  The venue of removed cases is established by 28 U.S.C. § 1452 as the "district court where such civil action is pending" if jurisdiction is alleged under §1334.  Venue may be transferred "in the interest of justice or for the convenience of the parties."  Following removal, this Court had subject matter jurisdiction over the removed action.

**Improper Handling of Fraud Allegations**

Simpson alleges that this Court erred when it allowed the true owner of the property at issue to advance its fraud allegations.  He generally alleges that—under Texas procedural law—the true owner could not intervene.  The Court expresses no view on Texas procedural law.  Simpson removed the case to this Court.  Federal procedure now applies.  The Court has more than ample authority to prevent the continuation of an alleged fraud in Federal Court.  See 11 U.S.C. §105(a).

**Conclusion**

As the Fifth Circuit dictates, a recusal motion, even with a § 144 affidavit must demonstrate facts that show that "the alleged bias or prejudice must be personal and it must stem from an extrajudicial source which would result in an opinion on the merits on some basis other than what the judge learned from his participation in the cases." *United States v. Merkt*, 794 F.2d 950, 959–61 (5th Cir. 1986).  The movant may now demonstrate that the motion and declaration satisfy the Fifth Circuit's requirements for a "sufficient" affidavit.

SIGNED 08/11/2025

_____
Marvin Isgur
United States Bankruptcy Judge

4 / 4