United States Courts
Southern District of Texas
FILED

8/14/2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ELIZABETH THOMAS<br><br>*Debtor* | Case No. 25-11431 (Chapter 13)<br><br>(Pending in the United States<br>Bankruptcy Court for the Southern<br>District of New York, New York Division) |
| ERNESTO SIMPSON<br>*Plaintiff*<br>V.<br><br>PCF PROPERTIES IN TEXAS LLC<br>*Defendant* | Adv. Pro. No. 25-03609 |

## DECLARATION OF ERNESTO SIMPSON

I, Ernesto Simpson declare the following statement are true and correct under the penalty of perjury.

In or about the April 30, 2025, I, entered into a attorney client retainer agreement with Attorney James M. Andersen specifically seeking claims against PCF Properties in Texas LLC, for a illegal lock out. In the case styled as *Ernesto Simpson v. PCF Properties in Texas LLC* in the Civil County Court at Law (2) case No. 1249845.

On May 7 2025, I, Ernesto Simpson, and PCF Properties in Texas LLC, the Court signed a "Agreed to Settlement Agreement" and closed and dispose of the case with prejudice. (I filed a Notice of Non-Suit with Clerk of Court as agreed).

On May 15, 2025, Non-Party P.C.F. PROPERTIES IN TX LLC., filed a "Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions." Alleging fraud Instead of a Petition in Intervention first.

Non-Party P.C.F. PROPERTIES IN TX LLC, never filed a Petition in Intervention and even they had. Under Texas Law the ***only way*** Non-Party P.C.F. PROPERTIES IN TX LLC., could have successfully intervened in the case post-judgment was if both its plea is filed and the judgment is set aside within thirty (30) days of the date of the judgment being signed  See: *In re Baby Girl S.*, 343 S.W.3d 317, 317 (Tex. App.—Dallas 2011, no pet.); *Malone*, 182 S.W.3d at 468; see also *First Alief Bank v. White*, 682 S.W.3d 251, 252 (Tex. 1984) (holding trial court could only vacate, set aside, modify, or amend judgment within thirty days after its signed and observing "*a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside*"); *Beach v. Beach*, 912

1 | Page

S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("***Once judgment is rendered in a case, an intervention cannot be filed*** therein unless the judgment is set aside or the dismissal of the claims with prejudice is set aside") *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (one cannot intervene after final judgment has been entered or dismissal of the claims with prejudice.). To this day the judgment has not been set aside.

When a petition an intervention is filed after final judgment, the intervenor does not become a party on the date of filing. See In re Barrett, 149 S.W.3d 275, 278-79 (Tex. App.—Tyler 2004, orig. proceeding);State &amp; County Mut., 915 S.W.2d at 227.

Upon Non-Party P.C.F. PROPERTIES IN TX LLC., May 15, 2025, filing trial court could have set the May 7, 2025, Judgment aside and chose not to. Instead the Court held a hearing on July 8, 2025, on the Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions, however a non-party, may not move for a new trial or file a post-judgment motion to extend the court's plenary jurisdiction unless the non-party successfully intervenes. State &amp; County Mut., 915 S.W.2d at 227. If no party to a judgment files a motion extending the trial court's plenary power, the trial court loses it plenary jurisdiction thirty (30) days after the judgment is signed and has no power to set aside a judgment except by bill of review for sufficient cause. TEX.R.CIV.P. 329b(f). The Court issued n ruling.

On or about June 2, 2025, when Attorney Andresen removed the case styled as *Ernesto Simpson v. PCF Properties in Texas LLC* in the Civil County Court at Law (2) under case No. 1249845 P.C.F. PROPERTIES IN TX LLC, was never an intervenor as trial court never granted is Motion as a intervenor and state court record does not show Non-Party P.C.F. PROPERTIES IN TX. LLC, as a party to lawsuit.

The biggest question lawyers in New York ask how did Non-Party P.C.F. PROPERTIES IN TX LLC, become party to the bankruptcy after removed from state court ?

Each attorney I have spoken with advised me that since Non-Party P.C.F. PROPERTIES IN TX. LLC, was not made a party to the state court prior to removal by law in order to be a party in the bankruptcy they would has to file a Motion to Intervenue before filing a Remand Motion. Because they never filed the Motion to Intervenue they are not a party to the bankruptcy.

The state court held two hearings on Non-Party P.C.F. PROPERTIES IN TX. LLC, Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions and Attorney Andersen not appear at either of these hearing because he does not represent me on any claims alleged by non-party P.C.F. PROPERTIES IN TX. LLC, I have no retainer agreement with Attorney Andersen to represent me.

On August 2, 2025, I filed an Chapter 7, Petition (the "Petition Date"), for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court Southern District of New York commencing Case No. 25-11742 invoking the automatic stay pursuant to Section 362 of the Bankruptcy Code.

I did not prepare this declaration myself but I have read it and declare under penalty of perjury that these statement are true and correct in that Attorney James M. Andersen does not represent me on matters related to non-party P.C.F. PROPERTIES IN TX. LLC, I have since changed by phone and email address so as to stop communications with Mr. Andersen.

I thank all family in friends for their help and have requited further assistance with getting his declaration filed with the court.

Executed this 13 day of August 2025.

ERNESTO SIMPSON PRO, SE

8202 Terra Valley Lane
Tomball, TX 77375

TO CLERK OF COURT PLEASE FILE THIS DECLARATION IN CASE NO. Adv. Pro. No. 25-03609 PLEASE THANK YOU FOR YOUR ASSISTANCE