IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: ELIZABETH THOMAS ) | | Case No. 25-12431 (Chapter 13) |
| *Debtor* ) | | (Pending in the United States Bankruptcy |
| ) | | Court for the Southern District of New |
| ) | | York, Manhattan Division) |
| ) | | |
| ERNESTO SIMPSON ) | | |
| ) | | ADVERSARY NO. 25-03609 |
| V. ) | | |
| ) | | |
| P.C.F. PROPERTIES IN TX, LLC ) | | |
| ) | | |

**JAMES M. ANDERSEN'S MOTION FOR LEAVE TO APPEAL
CIVIL CONTEMPT AND DETENTION ORDERS
AND OBJECTION TO CONTEMPT ORDERS**

James M. Andersen, hereinafter referred to as Movant, moves that the United States District Court grant leave for him to appeal the civil contempt orders entered by the United States Bankruptcy Court for the Southern District of Texas (Document Numbers 22 and 39) entered on August 7, 2025 and August 11, 2025, respectively, and in support provides the following information, arguments and authority.

**Jurisdiction.**

1. This court has jurisdiction over this controversy, and this appeal is filed, pursuant to 28 U.S.C. §158(a)(3).

2. This controversy is a non-core proceeding. 28 U.S.C. §157.

**Procedural History.**

3. Movant is an attorney, licensed to practice law in Texas, and admitted to practice in this court.

4. Movant represented Plaintiff Ernesto Simpson ("Simpson") in a Texas state court civil lawsuit styled Ernesto Simpson v. PCF Properties in Texas, LLC, Cause No. 1249845, in the County Civil Court at Law No. 2 of Harris County, Texas.

5. On August 3, 2025, Movant, on behalf of Simpson, filed a Notice of Removal and Motion to Transfer, removing the state court lawsuit to this court. (Doc #1). On August 4, 2025, P.C.F. Properties In Tx, LLC, filed its motion to remand (Doc. #3).

6. An Order for Emergency Hearing was entered by this court on August 5, 2025 (Doc. #6) for an evidentiary hearing on P.C.F. Properties in Tx., LLC's Motion to Remand (Doc. #3), Simpson's motion to strike the remand motion (Doc. 4), Simpson's motion to defer payment of a filing fee (Doc. #5), whether Ernesto Simpson and Movant acted in concert with Elizabeth Thomas or others to remove this lawsuit in derogation of prior orders from other courts, and whether Simpson and Movant were in civil contempt for removing this adversary proceeding. The hearing was docketed and noticed for August 7, 2025 at 9:30 a.m. Both Simpson and Movant were ordered to personally appear.

7. On August 6, 2025, Plaintiff Simpson filed a pro se Motion to Continue Hearing, citing a move out of state, and lack of funds to travel back to Houston (Doc. #10), which motion was denied (Doc. #11). Movant filed another motion for continuance on August 7, 2025 in which Movant stated his inability to appear due to a medical emergency (Doc. #16). This motion was also denied (Doc. #17).

8. Movant did not appear at the August 7, 2025 hearing. A hearing was held on the matters noticed in the court's August 5, 2025 Order. Movant was held in civil contempt, predicated on his (1) failure to appear as ordered; and (2) the court's finding that he had participated in a fraud on the court and had violated prior remand preclusion orders issued out of the Southern District of

Texas. (Doc. #22). The United States Marshalls Service was ordered to take Movant into custody and deliver him to this court with all deliberate speed.

9. Movant appeared at that the Bob Casey Federal Courthouse on August 11, 2025, went to Bankruptcy Judge Marvin Isgur's courtroom, and was taken into custody by the Marshalls Service. Simpson did not appear. The Bankruptcy Court found that Movant satisfied that portion of the civil contempt order (Doc. #39).  However, the court found that Movant was not in compliance with the August 7, 2025 civil contempt order since neither he nor his client Ernesto Simpson had signed and filed the Motion for Dismissal With Prejudice Against Refiling attached as Exhibit A to the court's August 7, 2025 contempt order. (Doc. #22). Movant has remained in the custody of the Marshalls Service since that time.

10. On August 12, 2025, Movant attempted to satisfy the court's contempt order by executing and filing with the court the Order attached to the court's August 7, 2025 civil contempt order. (Doc. #40). The Bankruptcy Court rejected this attempt by Movant to purge the contempt, as the dismissal order was not signed by Simpson as well. (Doc. #41)

11. Since the entry of the August 11, 2025 Order, Andersen has apparently been discharged by Simpson as Simpson's counsel. On August 12, 2025, Andersen received an email from Simpson in which he appears to be discharging Andersen from further representation. On August 13, 2025, Simpson forwarded said email to this court in which he further stated his intention to continue this litigation. (Doc. #42). Since that time, Simpson has filed all documents in this case as a "pro se" litigant.

**Argument and Authority.**

12. If the purpose of the civil contempt order is to compel or coerce action on the part of Andersen, then it is apparent as described above that he is unable to satisfy the terms of the Bankruptcy Court's Order. In *United States v. Rylander*, 460 U.S. 752 (1983), the Court held:

"In a civil contempt proceeding such as this, of course, a defendant may assert a present inability to comply with the order in question. Maggio v. Zeitz, 333 U.S., at 75-76, 68 S.Ct., at 411-412; Oriel v. Russell, 278 U.S. 358, 366, 49 S.Ct. 173, 175, 73 L.Ed. 419 (1929). While the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."

13. Movant had done everything he can do to comply with the Bankruptcy Court's orders. Simpson has made it clear to the court that he has both discharged Movant as his counsel, and that he has no intention of executing any order dismissing his state court lawsuit, which does not seek any relief against P.C.F. Properties in TX, LLC.

13. Movant seeks an order from this court allowing this appeal.

                Respectfully submitted,

                **DANIEL KISTLER,**
                **ATTORNEY AT LAW**
                **/s/ Daniel Kistler**
                SBOT #11540300
                SDTX ID: 30
                Office Address:
                17041 El Camino Real, Ste. 204
                Houston, Texas 77058
                Mailing Address:
                2617C West Holcombe, No. 421
                Houston, Texas 77025
                Telephone: (713) 855-0827
                Facsimile: (866) 352-5124
                kistlerattorney@comcast.net

ATTORNEY FOR JAMES M. ANDERSEN

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of August, 2025, a true and correct copy of the foregoing Motion for Leave to Appeal was served on all counsel of record and interested parties in the manner specified below.

John V. Burger
David W. Barry
Anna Clement Sewart
Barry & Sewart, PLLC
4151 Southwest Freeway, Ste. 680
Houston, Texas 77027
Email: evictions@barryandsewart.com;  john@barryandsewart.com

Alzadia Spires
17515 Spring-Cypress Rd., #C630
Cypress, Texas  77429

Ernesto Simpson, pro se
Email (last known): ernestosimpson122@gmail.com

Elizabeth Thomas
712 H Street, N.E., #1297
Washington, D.C. 20002
Email: elizthomas234@gmail.com

                                        **/s/ Daniel Kistler**