## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ERNESTO, SIMPSON**

*Appellant*

Adv. Pro. No. 25-03609

vs.

**PCF PROPERTIES IN TEXAS LLC**

*Appellee*

United States Courts
Southern District of Texas
F I L E D

AUG 2 0 2025

Nathan Ochsner, Clerk of Court

## FILING OF STATE COURT RECORDS

| No. | Date | Document | New Filing Party |
|---|---|---|---|
| Exhibit 1 | 4/30/2025 | Ernesto Simpson Lease | Ernesto Simpson County Court at No. 2 Court record, |
| Exhibit 2 | 5/8/2025 | Court Docket Case closed and disposed of on May 8, 2025, | Civil County Court at No. 2  docket record |
| Exhibit 3 | 4/30/2025 thru 8/2/2025 | Court Docket as to the only Parties named as parties in the case under cause No. | Civil County Court at No. 2  docket record |
| Exhibit 4 | 7/8/2025 and 8/5/2025 | Court Docket as to number of Hearings held on Non-Party P.C.F. PROPERTIES IN TX,LLC Motion to Vacate alleging fraud on curt. Court does not reinstate the case or grant status as a intervnor or a party to the case. | Civil County Court at No. 2  docket record, |
| Exhibit 5 | 7/28/2025 | EX PARTE MOTION FOR ORDER FOR ISSUANCE WRIT OF POSSESSION | Ernesto Simpson County Court at No. 2 Court record, |
| Exhibit 6 | 7/30/2025 | Copy of Notice of Agreed Non-Suit with Prejudice  Filed with Clerk of Court | Ernesto Simpson Civil County Court at No. 2 Court record, |

Respectfully submitted

/s/ Ernesto Simpson
Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 77375
N/A has No Phone Number at this time
N/A  has No email address at this time

## CERTIFICATE OF SERVICE

I certify that this document was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of on August 18, 2025.

/s/ Ernesto Simpson

1249845

EXHIBIT-2                          Harris County - County Civil Court at Law No. 2

# Texas Residential Lease Agreement

**THIS AGREEMENT** (hereinafter referred to as the "Texas Lease Agreement") is made and entered into this 6th day of June 2023 by and between LIBERTY PROPERTY MANAGEMENT LLC ( hereinafter referred to as "Landlord") and ERNESTO SIMPSON (hereinafter referred to as "Tenant." For and in consideration of the covenants and obligatins contained herein and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged the parties hereto hereby agree as follows:

1.    **PROPERTY.** Landlord owns certain real property and improvements located at 8202 TERRA VALLEY LANE, TOMBALL TX, 77375 (hereinafter referred to as the "Property"). Landlord desires to lease the Premises to Tenant upon the terms and conditions contained herein. Tenant desires to lease the Premises from Landlord

on the terms and conditions as contained herein.

2.    **TERM.** This Texas Lease Agreement shall commence on JUNE 6, 2023 and shall continue as a lease for term. The termination date shall be on JUNE 7, 2027,  at 11:59 PM. Upon termination date, Tenant shall be required to vacate the Premises unless one of the following circumstances occur:

      (i)    Landlord and Tenant formally extend this Texas Lease Agreement in writing or create and execute a new, written, and signed Texas Lease Agreement; or

      (ii)   Landlord willingly accepts new Rent from Tenant, which does not constitute past due Rent.

In the event that Landlord accepts new rent from Tenant after the termination date, a month-to-month tenancy shall be created. If at any time either party desires to terminate the month-to-month tenancy, such party may do so by providing to the other party written notice of intention to terminate at least 30 days prior to the desired date of termination of the month-to-month tenancy.

Notices to terminate may be given on any calendar day, irrespective of Commencement Date. Rent shall continue at the rate specified in this Texas Lease Agreement, or as allowed by law. All other terms and conditions as outlined in this Texas Lease Agreement shall remain in full force and effect. Time is of the essence for providing notice of termination (strict compliance with dates by which notice must be provided is required).

3.    **RENT.**  Tenant shall pay to Landlord the sum of $ 500.00  per month as Rent for a room for the Term of the Agreement. Due date for Rent payment shall be the 1st day of each calendar month and shall be considered advance paymentor that month. Weekends and holidays do not delay or excuse Tenant's obligation to timely pay rent.

A.    Delinquent Rent. If not paid on the 1st, Rent shall be considered overdue and delinquent on the 2nd day of each calendar month. If Tenant fails to timely pay any month's rent, Tenant will pay Landlord a late charge of $50.00 per day until rent is paid in full. If Landlord receives the monthly rent by the 3rd day of the month, Landlord will waive the late charges for that month. Any waiver of late charges under this paragraph will not affect or diminish any other right or remedy Landlord may exercise for Tenant's failure to timely pay rent.

B.    Prorated Rent. In the event that the Commencement Date is not the 1st of the calendar month, Rent payment remitted on the Commencement Date shall be prorated based on a 30-day period.

C.   Returned Checks. In the event that any payment by Tenant is returned for insufficient funds ("NSF") or if Tenant stops payment, Tenant will pay $25.00 to Landlord for each such check, plus late charges, as described above, until Landlord has **received** payment. Furthermore, Landlord may require in writing that Tenant pay all future Rent payments by cash, money order, or cashier's check.

D.   Order in which funds are applied. Landlord will apply all funds received from Tenant first to any non-rent obligations of Tenant including late charges, returned check charges, charge-backs for repairs, brokerage fees, and periodic utilities, then to rent, regardless of any notations on a check.

E.   Rent Increases. There will be no rent increases through the Termination Date. If this lease is renewed automatically on a month to month basis, Landlord may increase the rent during the renewal period by providing written notice to Tenant that becomes effective the month following the 30th day after the notice is provided

4.   **SECURITY DEPOSIT.** Upon execution of this Texas Lease Agreement, Tenant shall deposit with Landlord the sum of $500.00, receipt of which is hereby acknowledged by Landlord, as security for any damage caused to the Premises during the term hereof.

**REFUND OF SECURITY DEPOSIT.** Upon termination of the tenancy, all funds held by the landlord as security deposit may be applied to the payment of accrued rent and the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with the terms of this Texas Lease Agreement or with any and all laws, ordinances, rules and orders of any and all governmental or quasi-governmental authorities affecting the cleanliness, use, occupancy and preservation of the Premises.

5.   **USE OF PREMISES.** The Premises shall be used and occupied solely by Tenant and Tenant's immediate family, consisting of ERNESTO SIMPSON exclusively, as a private single family dwelling, and no part of the Premises shall be used at any time during the term of this Texas Lease Agreement by Tenant for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family dwelling. Tenant shall not allow any other person, other than Tenant's immediate family or transient relatives and friends who are guests of Tenant, to use or occupy the Premises without first obtaining Landlord's written consent to such use. Tenant shall comply with any and all laws, ordinances, rules and orders of any and all governmental or quasi-governmental authorities affecting the cleanliness, use, occupancy and

preservation of the Premises.

6.   **CONDITION OF PREMISES.** Tenant stipulates, represents and warrants that Tenant has examined the Premises, and that they are at the time of this Lease in good order, repair, and in a safe, clean and tenantable condition.

7.   **ASSIGNMENT AND SUB-LETTING.** Tenant shall not assign this Texas Lease Agreement, or sub-let or grant any license to use the Premises or any part thereof without the prior written consent of Landlord. A consent by Landlord to one such assignment, sub-letting or license shall not be deemed to be a consent to any subsequent assignment, sub-letting or license. An assignment, sub-letting or license without the prior written consent of Landlord or an assignment or sub-letting by operation of law shall be absolutely null and void and shall, at Landlord's option, terminate this Texas Lease Agreement.

8.   **ALTERATIONS AND IMPROVEMENTS.** Tenant shall make no alterations to the buildings or improvements on the Premises or construct any building or make any other improvements on the Premises without the prior written consent of Landlord. Any and all alterations, changes, and/or improvements built, constructed or placed on the Premises by Tenant shall, unless otherwise

provided by written agreement between Landlord and Tenant, be and become the property of Landlord and remain on the Premises at the expiration or earlier termination of this Texas Lease Agreement.

9. **NON-DELIVERY OF POSSESSION.** In the event Landlord cannot deliver possession of the Premises to Tenant upon the commencement of the Lease term, through no fault of Landlord or its agents, then Landlord or its agents shall have no liability, but the rental herein provided shall abate until possession is given. Landlord or its agents shall have thirty (30) days in which to give possession, and if possession is tendered within such time, Tenant agrees to accept the demised Premises and pay the rental herein provided from that date. In the event possession cannot be delivered within such time, through no fault of Landlord or its agents, then this Texas Lease Agreement and all rights hereunder shall terminate.

10. **HAZARDOUS MATERIALS.** Tenant shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

11. **UTILITIES.** Tenant shall be responsible for arranging for and paying for all utility services required on the Premises.

12. **MAINTENANCE, REPAIR, AND RULES.** Tenant will, at its sole expense, keep and maintain the Premises and appurtenances in good and sanitary condition and repair during the term of this Texas Lease Agreement and any renewal thereof. Without limiting the generality of the foregoing, Tenant shall:

   A. Not obstruct the driveways, sidewalks, courts, entry ways, stairs and/or halls, which shall be used for the purposes of ingress and egress only;

   B. Keep all windows, glass, window coverings, doors, locks and hardware in good, clean order and repair;

   C. Not obstruct or cover the windows or doors;

   D. Not leave windows or doors in an open position during any inclement weather;

   E. Not hang any laundry, clothing, sheets, etc., from any window, rail, porch or balcony nor air or dry any of same within any yard area or space;

   F. Not cause or permit any locks or hooks to be placed upon any door or window without the prior written consent of Landlord;

   G. Keep all air conditioning filters clean and free from dirt;

   H. Keep all lavatories, sinks, toilets, and all other water and plumbing apparatus in good order and repair and shall use same only for the purposes for which they were constructed. Tenant shall not allow any sweepings, rubbish, sand, rags, ashes or other substances to be thrown or deposited therein. Any damage to any such apparatus and the cost of clearing stopped plumbing resulting from misuse shall be borne by Tenant;

   I. Tenant's family and guests shall at all times maintain order in the Premises and at all places on the Premises, and shall not make or permit any loud or improper noises, or otherwise disturb other residents;

J.   Keep all radios, television sets, stereos, phonographs, etc., turned down to a level of sound that does not annoy or interfere with other residents;

K.   Deposit all trash, garbage, rubbish or refuse in the locations provided and shall not allow any trash, garbage, rubbish or refuse to be deposited or permitted to stand on the exterior of any building or within the common elements;

L.   Abide by and be bound by any and all rules and regulations affecting the Premises or the common area appurtenant thereto which may be adopted or promulgated by the Condominium or Homeowners' Association having control over them.

13.   **DAMAGE TO PREMISES**.  In the event the Premises are destroyed or rendered wholly uninhabitable by fire, storm, earthquake, or other casualty not caused by the negligence of Tenant, this Texas Lease Agreement shall terminate from such time except for the purpose of enforcing rights that may have then accrued hereunder.  The rental provided for herein shall then be accounted for by and between Landlord and Tenant up to the time of such injury or destruction of the Premises, Tenant paying rentals up to such date and Landlord refunding rentals collected beyond such date.  Should a portion of the Premises thereby be rendered uninhabitable, the Landlord shall have the option of either repairing such injured or damaged portion or terminating this Lease.  In the event that Landlord exercises its right to repair such uninhabitable portion, the rental shall abate in the proportion that the injured parts bears to the whole Premises, and such part so injured shall be restored by Landlord as speedily as practicable, after which the full rent shall recommence and the Texas Lease Agreement continue according to its terms.

14.   **ACCESS BY LANDLORD**.  Landlord and Landlord's agents shall have the right at all reasonable times, and by all reasonable means, without notice, during the term of this Texas Lease Agreement and any renewal thereof to enter the Premises for the following purposes:

A.   Inspect the Property for condition;

B.   Make repairs;

C.   Show the Property to prospective tenants, prospective purchasers, inspectors, fire marshals, lenders, appraisers, or insurance agents;

D.   Exercise a contractual or statutory lien;

E.   Leave written notice;

F.   Seize nonexempt property after default.

Landlord may prominently display a "For Sale" or "For Lease" or similarly worded sign on the Property during the term of this Lease or any renewal period.

If Tenant fails to permit reasonable access under this Paragraph, Tenant will be in default.

15.   **SUBORDINATION OF LEASE**.  This Texas Lease Agreement and Tenant's interest hereunder are and shall be subordinate, junior and inferior to any and all mortgages, liens or encumbrances now or hereafter placed on the Premises by Landlord, all advances made under any such mortgages, liens or encumbrances (including, but not limited to, future advances), the interest payable on such mortgages, liens or encumbrances and any and all renewals, extensions or modifications of such mortgages, liens or encumbrances.

16. **TENANT'S HOLD OVER.** If Tenant remains in possession of the Premises with the consent of Landlord after the natural expiration of this Texas Lease Agreement, a new tenancy from month-to-month shall be created between Landlord and Tenant which shall be subject to all of the terms and conditions hereof except that rent shall then be due and owing at $_100.00 per month and except that such tenancy shall be terminable upon fifteen (15) days written notice served by either party.

17. **SURRENDER OF PREMISES.** Upon the expiration of the term hereof, Tenant shall surrender the Premises in as good a state and condition as they were at the commencement of this Texas Lease Agreement, reasonable use and wear and tear thereof and damages by the elements excepted.

18. **ANIMALS.** THERE WILL BE NO ANIMALS, unless authorized by a separate written Pet Addendum to this Residential Lease Agreement. Tenant shall not permit any animal, including mammals, reptiles, birds, fish, rodents, or insects on the property, even temporarily, unless otherwise agreed by a separate written Pet Agreement. If tenant violates the pet restrictions of this Lease, Tenant will pay to Landlord a fee of $15.00 per day per animal for each day Tenant violates the animal restrictions as additional rent for any unauthorized animal. Landlord may remove or cause to be removed any unauthorized animal and deliver it to appropriate local authorities by providing at least 24-hour written notice to Tenant of Landlord's intention to remove the unauthorized animal. Landlord will not be liable for any harm, injury, death, or sickness to any unauthorized animal. Tenant is responsible and liable for any damage or required cleaning to the Property caused by any unauthorized animal and for all costs Landlord may incur in removing or causing any unauthorized animal to be removed.

19. **WATERBEDS.** THERE WILL BE NO WATERBEDS, unless authorized by a separate written Waterbed Addendum to this Residential Lease Agreement.

20. **QUIET ENJOYMENT.** Tenant, upon payment of all of the sums referred to herein as being payable by Tenant and Tenant's performance of all Tenant's agreements contained herein and Tenant's observance of all rules and regulations, shall and may peacefully and quietly have, hold and enjoy said Premises for the term hereof.

21. **INDEMNIFICATION.** Landlord shall not be liable for any damage or injury of or to the Tenant, Tenant's family, guests, invitees, agents or employees or to any person entering the Premises or the building of which the Premises are a part or to goods or equipment, or in the structure or equipment of the structure of which the Premises are a part, and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any and all claims or assertions of every kind and nature.

22. **DEFAULT.** If Landlord breaches this Lease, Tenant may seek any relief provided by law. If Tenant fails to comply with any of the material provisions of this Texas Lease Agreement, other than the covenant to pay rent, or of any present rules and regulations or any that may be hereafter prescribed by Landlord, or materially fails to comply with any duties imposed on Tenant by statute, within seven (7) days after delivery of written notice by Landlord specifying the non-compliance and indicating the intention of Landlord to terminate the Lease by reason thereof, Landlord may terminate this Texas Lease Agreement. If Tenant fails to pay rent when due and the default continues for seven (7) days thereafter, Landlord may, at Landlord's option, declare the entire balance of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to Landlord at law or in equity or may immediately terminate this Texas Lease Agreement.

23. **ABANDONMENT.** If at any time during the term of this Texas Lease Agreement Tenant abandons the Premises or any part thereof, Landlord may, at Landlord's option, obtain

possession of the Premises in the manner provided by law, and without becoming liable to Tenant for damages or for any payment of any kind whatever. Landlord may, at Landlord's discretion, as agent for Tenant, relet the Premises, or any part thereof, for the whole or any part thereof, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting, and, at Landlord's option, hold Tenant liable for any difference between the rent that would have been payable under this Texas Lease Agreement during the balance of the unexpired term, if this Texas Lease Agreement had continued in force, and the net rent for such period realized by Landlord by means of such reletting. If Landlord's right of reentry is exercised following abandonment of the Premises by Tenant, then Landlord shall consider any personal property belonging to Tenant and left on the Premises to also have been abandoned, in which case Landlord may dispose of all such personal property in any manner Landlord shall deem proper and Landlord is hereby relieved of all liability for doing so.

24.  **ATTORNEYS' FEES.** Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of rentals or gaining possession of the Premises, Tenant agrees to pay all expenses so incurred, including a reasonable attorneys' fee.

25.  **RECORDING OF TEXAS LEASE AGREEMENT.** Tenant shall not record this Texas Lease Agreement on the Public Records of any public office. In the event that Tenant shall record this Texas Lease Agreement, this Texas Lease Agreement shall, at Landlord's option, terminate immediately and Landlord shall be entitled to all rights and remedies that it has at law or in equity.

26.  **GOVERNING LAW.** This Texas Lease Agreement shall be governed, construed and interpreted by, through and under the Laws of the State of Texas.

27.  **SEVERABILITY.** If any provision of this Texas Lease Agreement or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Texas Lease Agreement nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

28.  **BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

29.  **DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations of the Landlord or Tenant.

30.  **CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

31.  **NON-WAIVER.** No delay, indulgence, waiver, non-enforcement, election or non-election by Landlord under this Texas Lease Agreement will be deemed to be a waiver of any other breach by Tenant, nor shall it affect Tenant's duties, obligations, and liabilities hereunder.

32.  **MODIFICATION.** The parties hereby agree that this document contains the entire agreement between the parties and this Texas Lease Agreement shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

33.  **NOTICE.** Any notice required or permitted under this Lease or under state law shall be delivered to Tenant at the Property address, and to Landlord at the following address:

_____

34. **LEAD-BASED PAINT DISCLOSURE.**   If the premises were constructed prior to 1978, Tenant acknowledges receipt of the form entitled "LEAD-BASED PAINT DISCLOSURE" which contains disclosure of information on lead-based paint and/or lead-based paint hazards.

**As to Landlord this  6th day of  June, 2023.**

LANDLORD:

Sign: /s/DELORES ST.CLAIR
AGENT FOR LIBERTY PROEPRTY MANAGEMENT LLC

Print:  Delores St.Clair Date: June 6, 2023

**As to Tenant, this  6th day of  June, 2023.**

TENANT

Sign: /s/ Ernesto Simpson

Print:  Ernesto Simpson Date:  June 6,  2023.

# County Civil

EXHIBIT 2 + 3

**Case Number**

[                    ]

**Court**

[ All                              ⌄ ]

**Status**

[ -All                            ⌄ ]

**File Date (From)**

[ MM/DD/YYYY              📅 ]

**File Date (To)**

[ MM/DD/YYYY              📅 ]

[ SEARCH ] [ CLEAR ]

---

◉ Party  ○ Attorney  ○ Company

**Last Name**

[ simpson ]

**First Name**

[ Ernesto ]

**Bar Card Number**

[                    ]

**File Date (From)**

[ MM/DD/YYYY              📅 ]

**File Date (To)**

[ MM/DD/YYYY              📅 ]

[ SEARCH ] [ CLEAR ]

3 Record(s) Found.

| Case | File Date | Type Desc | Subtype | Style | Status | Judge | Court | View All | |
|---|---|---|---|---|---|---|---|---|---|
| 1249845 | 04/25/2025 | OTHER CIVIL CASE | | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | Closed | JIM KOVACH | 2 | Parties | Court Settings |

| Role | Party | Attorney |
|---|---|---|

| | | |
|---|---|---|
| Mediator | Dispute Resolution Center<br>Dispute Resolution Center<br>Harris County Annex 21<br>49 San Jacinto, Suite 220<br>Houston TX 77002 | |
| Plaintiff | Ernesto Simpson<br>8202 TERRA VALLEY LANE<br>TOMBALL TX 77375 | ANDERSEN, JAMES M.<br>James M Andersen Attorney at Law<br>P.O. Box 01165850<br>Webster TX 77598-8554<br>Phone 281-488-2800<br>Fax 281-488-4851 |
| Defendant | PCF PROPERTIES IN TEXAS LLC<br>1942 Broadway St. STE 314C<br>Boulder CO 80302 | Spires, Alzadia<br>17515 Spring Cypress Rd #C620<br>Cypress TX 77429<br>Phone 832-418-9171 |



# CIVIL Court Settings

**Case Number**

| 1249845 |
|---|

**Court No**

| All | ⌄ |
|---|---|

**Session Date (From)**

| MM/DD/YYYY | 🗓 |
|---|---|

**Session Date (To)**

| MM/DD/YYYY | 🗓 |
|---|---|

| SEARCH | CLEAR |
|---|---|

### 9 Record(s) Found.

| Crt | Case | Style | Hearing Type<br>Hearing Results | Session Date<br>**Cancel Date**<br>**Reason** | View | Document Name | Pages |
|---|---|---|---|---|---|---|---|
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | TEMPORARY RESTRAINING ORDER | 4/29/2025 2:30PM<br>4/29/2025 12:34:15 PM<br>Per Movant | Parties | | |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | DISMISSAL DOCKET | 6/30/2025 1:00PM<br>5/1/2025 6:12:50 AM<br>Answer filed/Removed from docket | Parties | | |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | NON-JURY TRIAL | 8/4/2025 9:00AM<br>5/7/2025 3:44:12 PM<br>Agreed Judgment | Parties | Order for Trial Setting NonJury - Video - Civ 2<br><br>Order for Trial Setting NonJury - Video - Civ 2 | 1<br><br>1 |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION TO VACATE | 6/3/2025 10:30AM<br>6/2/2025 2:12:12 PM<br>Other | Parties | | |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION TO VACATE<br>NO RULING | 7/8/2025 11:15AM | Parties | | |

| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION FOR CONTINUANCE NO RULING | 7/8/2025 8:30AM | Parties |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION TO VACATE HELD | 8/5/2025 11:00AM | Parties |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | MOTION TO VACATE HELD | 8/5/2025 10:45AM | Parties |
| 2 | 1249845 | ERNESTO SIMPSON VS PCF PROPERTIES IN TEXAS LLC | SUBMISSION DOCKET | 8/8/2025 8:30AM 8/5/2025 4:06:36 PM Canceled | Parties |

Exhibit-5

**1249845**

**Harris County - County Civil Court at Law No. 2**

7/28/2025 4:20 PM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE No. **1249845**

| | | |
|---|---|---|
| SIMPSON, ERNESTO | § | **COUNTY CIVIL COURT OF** |
| | § | |
| *Plaintiff* | § | **AT LAW NUMBER (2)** |
| VS. | § | |
| | § | |
| PCF  PROPERTIES IN TEXAS LLC | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| *Defendant* | § | |

### EX PARTE MOTION FOR ISSUANCE WRIT OF POSSESSION

**COMES NOW,** Ernesto Simpson (the "Plaintiff"), by and through counsel moves the Court to enforce and execute its May 8, 2025, Judgment /order with a "Writ of Possession" in compliance with Law Enforcement policy and procedures and for cause shows as follows:

### INTRODUCTION

1.   Mr. Simpson has resided at 8202 Terra Valley Lane, Tomball TX 77375, since the year of 2007; while the ownership of the property has changed he has a lease with the then owner Jasmine Jarbis. Mr. Simpson was illegally evicted from his residence without an order from any court at law and would like to take the time to thank the Harris County District Attorney Office "Deed Fraud Division" worked together in conjunction with the Harris County District Attorney Office "Public Corruption Division" for conducting an investigation to resolve as follows:

(i)     Harris County D.A. Office "Fraud Division" confirms on March 3, 2020, Substitute Trustee Anna Sewart ***could not*** have foreclosed on a lien ("Deed of Trust"), for lender FLAGSTONE,  and conveyed title to P.C.F.PROEPRTIES IN TX, LLC  as their existed no such recorded lien to foreclose upon; E Thomas did not own property since the year 2017 thru 2022 as such held no title for which could have been conveyed;

(ii)    Confirms that no Harris County District Court Clerk or Deputy Clerk or any other Harris County Clerk's on August 15, 2023 issued any "Writ of Possession" on behalf of any Harris County or District Court against said property at issue;

(iii)   Obtained confirmation from one of the First Court of Appeals briefing Attorney's that on August 22, 2024, the court granted the Appellant's Thomas and Allen April 29, 2023, Motion for Voluntary Dismissal of Appeal Due to Settlement Agreement with the Appellees PCF Investments Inc, its subsidiary PCF Properties in Texas LLC., entered into on December 17, 2023, pursuant to TEX. R. APP. P. 42.1(a)(1), 43.2(f).

2.   With these agency's collective efforts and written reports its will bring an end to the Texas litigation and help with the New York RICO investigation and case moving forward.

3.   Special thanks to Mr. Aubrey R. Taylor of the Houston Business Connections Newspaper for telling the story of victims of 8202 Terra Valley Lane, Tomball Tx., 77375, illegal eviction to the public.[1] This story has each the ears of members of Congress, State Representatives, U.S. Justice Department former and present judges, law professors, attorney's and the general public has flooded Counsel with email of support along the members in the Miramar Lake subdivision. The Honorable Judge Andrew S. Hanen, U.S.D.J., issued an order on May 5, 2025 after learning in separate case that the May 8, 2025, order granting Simpson right to possession to said property was being ignored by Harris County Constables per Harris County Attorney.[1]



---

[1]   https://aubreyrtaylor.blogspot.com/2025/06/the-puppet-master-chose-his-most-loyal.html
https://aubreyrtaylor.blogspot.com/2025/06/george-foreman-iv-has-not-officially.htm

4.   On April 15, 2025, Mr. Simpson had also filed a separate suit styled as *Ernesto Simpson vs. Christen Menefee et al.*, cause No.1249237, in Harris County Court at Law (2) after learning that crux of his illegal lockout stems from a prior illegal eviction of the then owner Jasmine Jarbis, and co- owner tenants Omari J. Thomas etc., commenced on August 13, 2023, by Deputy Constable Roman Ruiz at Constable Mark Herman Harris County Precinct 4, through the use of a fabricated "Writ of Possession" that was not issued by any court at law and pleaded state court claims for damages and Application for Temporary Restraining order.

5.   On June 5, 0205, Defendants Christen Menefee of the Harris County Attorney Office, et al, just before Mr. Simpson was to set his Application for Temporary Restraining Order to enjoin and prohibit Christen Menefee of the Harris County Attorney Office from advising Constable Mark Herman Harris County Precinct 4, to ignore the May 8, 2025, granting Mr. Simpson access to his home filed a Notice of Removal removing the case to U.S. Southern District Court of Texas; Houston under Case No. claiming lawsuit was a 1983 Civil Rights Action.

6.   On June 12, 2025, Mr. Simpson filed an "Ex Parte Emergency Motion for a Remand Order" seeking the court to remand the case back to  the state court where his Application for Temporary Restraining Order was set to be heard. **Exhibit** 1.

7. On June 6, 2025,  the Honorable Judge Andrew S. Hanen, U.S.D.J., issued an **ORDER** that:

" Before the Court is Plaintiffs Emergency Motion for Remand to the Harris County Civil Court at Law No. 2. (Doc. No. 3). Plaintiff filed his original suit on April 15, 2025, alleging that the Constable's Office evicted him based on a **fabricated Writ of Possession**.  Plaintiff sued the Harris County Constable for Precinct 4, the Constable for Precinct 1, and numerous John Does for violations of the Texas Civil Practice and Remedies Code and the infringement of his due course of law rights under§ 19 of the Texas Constitution. (Doc. No. 1-2). Plaintiff then filed an Amended Petition seeking a Temporary Restraining Order  and Permanent Injunction based on the same allegations. (Doc. No. 1-3 at 1). On June 5, 2025, Defendants removed the case under 28 U.S.C.§ 1331. (Doc. No. 1 at 2). The next day, Plaintiff filed the instant Emergency Motion for Remand.(Doc. No. 3). Defendants are hereby **ORDERED** to respond to Plaintiffs Emergency Motion by June 12, 2025. Specifically,  Defendants are encouraged to respond to the emergent nature of the motion as well as the merits of Plaintiffs arguments for remand." **Exhibit** 2.

8.   When the Honorable Judge Andrew S. Hanen, U.S.D.J., issued his **ORDER** , Counsel email was flooded as members of Congress, State Representatives, U.S. Justice Department former and present judges, law professors, attorney's and the general public have flooded Counsel with email of support along the members in the Miramar Lake subdivision and the media all waited in anticipation of the Defendants' response.

9.   Many believed that the Defendants would procedure a valid "Writ of Possession" issued under the authority of a Court at Law on August 15, 2023, while other believed no a Court at Law on August 15, 2023, authorized "Writ of Possession" to issued according to the clerks.

10.   On June 12, 2025, the Defendants responded and failed to produce valid "Writ of Possession" issued under the authority of a Court at Law on August 15, 2023; nor did the Defendants respond as ordered by the court to emergent nature of Mr. Simpson's motion as well as the merits of Plaintiffs arguments for remand. **Exhibit** 3. The case was voluntary dismissed as federal lacked jurisdiction and has since been refiled.

11.   Mattress Mack has advertised with Mr. Aubrey R. Taylor who has launched his own campaign for a hunt for "***Good Judges in Harris County Tx***." Judges that focus on being fair and adhering to the law in his rulings.  The members in Miramar Lake subdivision Mr. Simpson neighbors and friends have petitioned Mattress Mack, for help with this case as it's a clear example as to why Harris County needs good judges no one should be evicted from their home without authority from any court at law or opportunity to be heard. **Exhibit** 4.

"MATTRESS
MACK IS ON
THE HUNT FOR
GOOD JUDGES
IN HARRIS
COUNTY, TX."

## WRIT OF POSSESSION TO EXECUTE MAY 8, 2025 JUDGMENT

12.    Assistant Chief Deputy Kenneth Key, has express that Constable Mark Herman Harris County Precinct 4, Deputy Constables have no intention on disobeying or ignoring the Court May 8, 2025, order which grants Mr. Ernesto Simpson the right to possession to the property located at 8202 Terra Valley Lane, Tomball Tx 77375, or to interfere with his right.

13.    Assistant Chief Deputy Kenneth Key explained Mr. Simpson cannot execute or enforce the courts May 8, 2025, order himself nor can his attorney despite a agreed to judgment. Instead Mr. Simpson just needs the Court to simply issue a "Writ of Possession" which authorizes the Constable Mark Herman Harris County Precinct 4, Deputy Constables in the Civil Division to execute the May 8, 2025, court order for the safety of everyone as to many individuals as claiming ownership of said property while Mr. Simpson only claims the right to possession as a tenant.

### PRAYER

For all the forging reasons above Plaintiff ERNESTO SIMPSON prays that the court grant his Ex Parte Motion for issuance of a "Writ of Possession" to enforce this Court's May 8, 2025, order as no stay of such order is in place, and for such further relief the court deems proper and just.

Respectfully submitted,

/s/James M. Andersen
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on  July 28,2025,   a true and correct copy of the above, was served by email or the eservice system both in accordance with Civil Rule 21a and on named counsel of record for the parties named in this case and parties of interest as follows:

Alzadia Spires
Attorney at Law
SBN: 24099975
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
Cypress, Tx 77429
Phone: (713) 417-4662
EMail: alzadia@spireslawfirm.com

*Attorney of Record for PCF Properties in Texas LLC  party named in this case*

**Interested Parties**

Thomas C. Frost,
Chapter 13 Standing Trustee,
399 Knollwood Rd, Suite 102,
White Plains, NY 10603

Elizabeth Thomas Trustee

United States Trustee, Office of the United States
Trustee - NY, Alexander Hamilton Custom House,
One Bowling  Green, Room 534,
New York, NY 10004-1459

United States Attorney's Office, Southern District
of New York, Attention: Bankruptcy Fraud Unit,
86 Chambers Street, Third Floor,
New York, NY 10007-1825

New York Attorney General Office
Civil Rights Division
28 Liberty St,
New York, NY 10005

/s/James M. Andersen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Andersen on behalf of James Andersen
Bar No. 01165850
jandersen.law@gmail.com
Envelope ID: 103672796
Filing Code Description: Motion (No Fee)
Filing Description: FOR ISSUANCE WRIT OF POSSESSION
Status as of 7/30/2025 10:35 AM CST

Associated Case Party: Ernesto Simpson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ernesto Simpson | | ernestosimpson122@gmail.com | 7/28/2025 4:20:54 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 7/28/2025 4:20:54 PM | SENT |

Associated Case Party: PCF PROPERTIES IN TEXAS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Omar Perez | | pcfpropertiesintexasllc456@gmail.com | 7/28/2025 4:20:54 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/28/2025 4:20:54 PM | SENT |

**1249845**

8/1/2025 1:00 PM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE No. **1249845**

| | | |
|---|---|---|
| SIMPSON, ERNESTO | § | **COUNTY CIVIL COURT OF** |
| | § | |
| *Plaintiff* | § | **AT LAW NUMBER (2)** |
| VS. | § | |
| | § | |
| PCF  PROPERTIES IN TEXAS LLC | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| *Defendant* | § | |

### SUGGESTION OF BANKRUPCTY AND NOTICE OF STAY AS TO THESE PROCEEDINGS,

**PLEASE TAKE NOTICE**, that on June 27, 2025, Debtor Elizabeth Thomas filed an Chapter 13, Petition  (the "Petition Date"), for  relief under Title 11 of the  United  States Code,   11   U.S.C. §§ 101et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court Southern District of New York commencing Case No.  25-11431 and invoking the automatic stay pursuant to Section 362 of the Bankruptcy Code. **See Exhibit A.**

While Ms. Thomas is not named as a party to this lawsuit, the property located at 8202 Terra Valley Lane, Tomball Tx, 77375, that is presently being subjected to ongoing litigation as of May 19, 2025, is Ms. Thomas property .

The  property  located  at  8202 Terra Valley Lane, Tomball Tx, 77375, belongs to Debtor Elizabeth Thomas based on a June 15, 2025, title report and other reports from the Harris County District Attorney Office Public Corruption Division and Fraud Division and is currently listed as property of Ms. Thomas bankruptcy estate. **See Exhibit B.**

As soon as an single error is corrected in June 15, 2025, Alamo Title Company title report is completed Ms. Thomas will convert to a Chapter 7, and will un-exempt said property and convey title to the Chapter 7 Trustee. **See Exhibit C.**

The Trustee has been apprised of all the illegal evictions and possession issues and a Motion to recover the property is being filed in the bankruptcy court. Section 362 of the Bankruptcy Code applies to this State Court  action as there is ongoing litigation that commence prior to Debtor Thomas June 27, 2025,  filing of the Petition relating to property of the Debtor Thomas and her bankruptcy estate as such these proceedings are stayed.

Pursuant to Section 362 of the Bankruptcy Code, the filing of Ms. Thomas the Petition on June 27, 2025, operates as a stay of:

a.   The commencement or continuation, of a proceeding against the Debtor or the Debtors property that was or could have been commenced before the commencement of the case under this Title, or to recover a claim against the Debtor that arose before the commencement of the case under this Title;

b.   The enforcement, against the Debtor or against debtor property of the estate, of a judgment obtained before the commencement of the case under this Title;

c.   Any act to obtain possession of property of the estate or property from the estate;

d.   Any act to create, perfect, or enforce any lien against property of the estate;

e.   Any act to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this Title, except to the extent provided in section 362(b);

f.   Any act to collect assets, or recover a claim against the Debtor that arose before the commencement of the case under this title;

g.  The set off of any debt owing to the Debtor that arose before the commencement of the case under this Title against any claim against the Debtor; and

h.  The commencement or continuation of a proceeding before the United States Tax Court concerning the Debtor.

i.  All of Non-Party P.C.F. PROPERTIES IN TX.LLC, claims regarding Debtor Thomas property located at 8202 Terra Valley Lane, Tomball T, 77375, is subject bankruptcy automatic stay which prohibits continuation, of a legal proceeding against Debtor Thomas property of her bankruptcy estate.

Accordingly, pursuant to the provisions of 11 U.S.C. $362, the automatic stay prohibits any further action against debtor or debtor's property of the bankruptcy estate in this proceeding until such time as the Bankruptcy Court may order otherwise.

In addition, pursuant to Section 108 of the Bankruptcy Code, the filing of the Petition operates to extend the period within which the Debtor may, among other things, file any pleading, commence an action, cure a default, or perform any other similar act fixed by non bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement, if such deadline has not expired prior to the filing of the Petition.

Respectfully submitted

/s/James M. Andersen

James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554

Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on  August 1, 2025,   a true and correct copy of the above, was served by email or the eservice system both in accordance with Civil Rule 21a and on named counsel of record for the parties named in this case and parties of interest as follows:

Alzadia Spires
Attorney at Law
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
 Cypress, Tx 77429

*Attorney of Record for PCF Properties in Texas LLC  party named in this case*

**Interested Parties**

Thomas C. Frost,
Chapter 13 Standing Trustee,
399 Knollwood Rd, Suite 102,
White Plains, NY 10603

Elizabeth Thomas Trustee

United States Trustee, Office of the United States
Trustee - NY, Alexander Hamilton Custom House,
One Bowling  Green, Room 534,
New York, NY 10004-1459

United States Attorney's Office, Southern District
of New York, Attention: Bankruptcy Fraud Unit,
86 Chambers Street, Third Floor,
New York, NY 10007-1825

New York Attorney General Office
Civil Rights Division/Fraud Division
28 Liberty St,
New York, NY 10005

/s/James M. Andersen

Exhibit 6

1249845

Harris County - County Civil Court at Law No. 2

7/30/2025 10:35 PM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE No. **1249845**

| | | |
|---|---|---|
| SIMPSON, ERNESTO | § | COUNTY CIVIL COURT OF |
| | § | |
| Plaintiff | § | AT LAW NUMBER (2) |
| vs. | § | |
| | § | |
| PCF  PROPERTIES IN TEXAS LLC | § | HARRIS COUNTY, TEXAS |
| | § | |
| Defendant | § | |

### AGREED TO NOTICE OF NON-SUIT WITH PREJUDICE.

**TO THE CLERK OF COURT:**

On May 6, 2025, the Plaintiff Mr. Ernesto Simpson agreed in parties Rule 11 Agreement (the "Agreement"), that "upon execution of this Agreement and receipt of the consideration and/or in accordance with any requirements of the Court in which the Lawsuit is pending, he will nonsuit with prejudice all claims against Defendant PCF Properties in Texas LLC, in its entirety with prejudice, with each party paying its own attorney's fees and costs. This Notice of Non-suit is effective as of the date of filing with the Clerk of Court.

Dated: June 30,  2025.

Respectfully submitted

/s/ James M. Andersen
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on  July 30,2025,   a true and correct copy of the above, was served by email or the eservice system both in accordance with Civil Rule 21a on counsel of record as follows:

Alzadia Spires
Attorney at Law
SBN: 24099975
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
Cypress, Tx 77429
Phone: (713) 417-4662
EMail: alzadia@spireslawfirm.com

*Attorney of Record for PCF Properties in Texas LLC*

/s/ James M. Andersen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

James  Andersen on behalf of James  Andersen
Bar No. 01165850
jandersen.law@gmail.com
Envelope ID: 103796100
Filing Code Description: Motion for Non-Suit
Filing Description: With Prejudice
Status as of 7/31/2025 1:58 PM CST

Associated Case Party: Ernesto Simpson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Andersen | | jandersen.law@gmail.com | 7/30/2025 10:35:20 PM | SENT |
| Ernesto Simpson | | ernestosimpson122@gmail.com | 7/30/2025 10:35:20 PM | SENT |

Associated Case Party: PCF PROPERTIES IN TEXAS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Omar Perez | | pcfpropertiesintexasllc456@gmail.com | 7/30/2025 10:35:20 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 7/30/2025 10:35:20 PM | SENT |